IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN LEONARD CORBIN, FS-8151, )
    Petitioner, )
     )
    v. ) 2:10-cv-509
     )
LOUIS FOLIO, et al, )
    Respondents. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of John Leonard Corbin for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

John Leonard Corbin, an inmate at the State Correctional Institution - Greene has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Petitioner is currently serving a life sentence imposed following his conviction by a jury of second and third degree murder, aggravated assault, robbery and theft by unlawful taking at No. 327 of 2003 in the Court of Common Pleas of Beaver County, Pennsylvania. This sentence was imposed on March 4, 2004.[1] No direct appeal was filed.[2]

---

[1] See: Petition at §§ 1-6, Exhibit A to the petition and answer of the Commonwealth.

[2] See: Petition at § 9.

1

Corbin then sought post-conviction relief. On September 21, 2005, the Court of Common Pleas reinstated his appeal rights, nunc pro tunc.[3] An appeal was taken to the Superior Court at No. 1846 WDA 2005 in which the issues raised were:

> Whether there was sufficient evidence to prove that [petitioner] intended to commit second and third degree murder, whether there was sufficient evidence to prove robbery where the Commonwealth allegedly failed to establish that he inflicted serious bodily injury in the course of committing a felony, and whether the convictions are against the weight of the evidence.[4]

On August 1, 2006, the judgment of sentence was affirmed.[5]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the questions presented were:

> 1. Whether sufficient evidence existed to establish an intent to commit the underlying felony when the act of killing occurred and whether the Superior Court misapplied a decision of the Supreme Court in analyzing this issue?
>
> 2. Whether the prosecution failed to prove beyond a reasonable doubt that the killing was not done in self-defense and whether the analysis of the Superior Court of this issue was contrary to the Supreme Court holding in Commonwealth v. Torres, 564 Pa. 219 (2001)?
>
> 3. Whether the Commonwealth failed to establish that Corbin either inflicted serious bodily injury upon the victim under circumstances that were not justified, or that he did anything in the course of committing a felony?
>
> 4. Whether the defendant is entitled to a new trial on all charges as the verdicts are against the weight of the evidence.[6]

---

[3] See: Exhibit B to the petition.

[4] See: Exhibit C to the petition.

[5] Id.

[6] See: Petition for allowance of appeal at p.4. We also make note of the fact that the petition to the Supreme Court relies exclusively on Pennsylvania statutes and case law.

On January 17, 2007 leave to appeal was denied.[7]

A post-conviction petition was filed and dismissed on October 21, 2008.[8] A pro-se appeal was taken to the Superior Court. As the Superior Court observed in its October 26, 2009 Memorandum,[9] the original post-conviction petition was over 300 pages in length; after denial of relief, Corbin filed a 58 page "concise" statement of matters complained of on appeal and ultimately he submitted an eighty-nine page appellant's brief which the Court regarded as being in gross violation of the Pennsylvania Rules of Appellate Procedure and which ultimately led the Court to conclude "because the substantial defects in the appellate brief preclude us from conducting meaningful judicial a review of Appellant's purported issues, we conclude that quashal [the act of quashing] is the appropriate disposition for this appeal".[10] Thus, the appeal was quashed on procedural grounds.

A petition for allowance of review by the Pennsylvania Supreme Court was filed in which the issues presented were:

1. Was Superior Court haste-full in their quashel of petitioner's appeal?

2. Was there prosecutorial misconduct constituting "Brady Violations"...?

3. Was there issues of judicial misconduct ...?

4. Was there issues of ineffectiveness of trial counsel...?

---

[7] See: Exhibit D to the petition.

[8] See: Exhibit E to the petition.

[9] See: Exhibit F to the petition. We also note that this appeal is almost totally devoid of federal case references.

[10] Id. at p.6.

5. Was appellate counsel ineffective for refusing to include issues stated here as was in all appeals to Superior Court in defendants direct appeal?

6. Was appellate counsel ineffective of filing a letter of no merit, mis-stating fact of record to support said letter?[11]

On March 16, 2010, leave to appeal was denied.[12]

The instant petition was file on April 21, 2010. In it, Corbin contends he is entitled to relief as a result of:

1. Prosecutorial misconduct.

2. Ineffective assistance of counsel for refusing to raise issues as requested by the petitioner.

3. General ineffectiveness of trial counsel.

4. Ineffective assistance of appellate counsel.[13]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411

---

[11] See: Petition for allowance of appeal from the denial of post-conviction relief.

[12] See: Exhibit G to the petition.

[13] See: Petition at § 12. Unfortunately, as he did in the Pennsylvania courts, the petitioner here seems to be compelled to believe that more is better in that the instant petition is fifty-one pages long. This prolixity is further evidenced by the 131 page brief he has filed here.

U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Bronshtein v. Horn, 404 F.3d 700, 723 (3d Cir.2005), cert .denied 546 U.S. 1208 (2006), the Court held:

> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme

Court of the United States...

A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

In the instant case, it would appear that the issues which the petitioner sought to raise in his direct appeal were all based on state law and state court decision. In order to preserve his issues for federal court review, the state courts must be placed on notice that in his appeals, the petitioner is raising federal as well as state court issues. Baldwin v. Reese, 541 U.S. 27 (2004). That is, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. Halloway v. Horn, 355 F.3d 707 (3d Cir.2004). Thus, the petitioner cannot raise the claims he sought to raise in his direct appeal since the state courts were never provided with an opportunity to consider the federal claims which Corbin seeks to raise here.

As has been noted, Corbin's post-conviction petition was quashed by the Superior Court as being procedurally defective and for this reason was not a "properly filed" application. 28 U.S.C. 2244(d)(2). In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

6

Since no such showing is made here, the petitioner has defaulted his federal claims in state court, and no basis for relief exists here.

In addition, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, leave to appeal the conviction to the Pennsylvania Supreme Court was denied on January 17, 2007. In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on April 19, 2007. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought timely post-conviction relief and that relief was ultimately denied on March 16, 2010 for failure to follow state procedural rules.[14] Whether or

---

[14] Id. at pp.339-340.

not a petition is "properly filed" is a matter of state law. <u>Teagle v. DiGuglielmo</u>, 2009 WL 1941983 (3d Cir. 2009), cert. denied, 130 S.Ct. 1072 (2010). Thus, the post-conviction petition was not "properly filed." [15]

Since, the instant petition was filed on April 21, 2010, or considerably more than one year after the conviction became final and a "properly filed" post-conviction petition was never submitted, the petition here is also time barred.

Accordingly, because the petitioner failed to raise his federal claims in the state courts in his direct appeal, and because a properly filed post conviction petition was never filed thereby creating a time bar, it is recommended that the petition of John Leonard Corbin for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within fourteen (14) days after being served, any party may serve and file written objections to the Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                    Respectfully submitted,

                                                    s/Robert C. Mitchell,
Entered: August 6, 2010                           United States Magistrate Judge

---

[15] Id. at pp.339-340.